**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| STANLEY PACE, an individual, | Case No. 2:20-cv-01455 |
| Plaintiff, | **COMPLAINT** |
| v. | **JURY DEMAND** |
| JOS DANIEL, an individual, | |
| Defendant. | |

Plaintiff Stanley Pace alleges for his Complaint against Defendant Jos Daniel, on personal knowledge as to his own activities and on information and belief as to the activities of others, as follows:

**Nature of the Controversy**

1. This is an action for reverse domain name hijacking under 15 U.S.C. § 1114(2)(D)(v) and a declaratory judgment under 28 U.S.C. § 2201 that Pace's registration and use of the internet domain name celluvation.com (the "Domain Name") does not violate Daniel's rights under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), or otherwise under the Lanham Act, 15 U.S.C. § 1051 et seq.

2. The Domain Name has been suspended by registrar Epik.com and is at immediate risk of being transferred away from Pace by the actions of Daniel, who claims trademark rights to the Domain Name.

COMPLAINT —1
[Case No. 2:20-CV-01455]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

## Parties

3. Plaintiff Pace is an individual residing in Flower Mound, Texas.

4. Defendant Daniel is an individual and resident of Park City, Utah.

## Jurisdiction and Venue

5. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because the causes of action arise under federal law, specifically reverse domain-name hijacking under 15 U.S.C. § 1114(2)(D)(v) and a declaratory judgment under 28 U.S.C. § 2201.

6. This Court has personal jurisdiction over Daniel because he consented to jurisdiction in this court by filing a complaint with the World Intellectual Property Organization (WIPO), which contains consent to jurisdiction of the district in which the domain name registrar's primary offices are located. The domain name registrar for the Domain Name is Epik. And Epik.com's headquarters are located in Sammamish, Washington.

7. This Court is the proper venue because Epik has its primary office in Sammamish, Washington and, under 28 U.S.C. § 1391(b)(1) and (c), because Defendant Daniel is deemed a resident of this district for venue purposes, as well as under subsection (b)(2) because a substantial part of the events giving rise to the claims alleged in this Complaint occurred in this judicial district.

## Factual Background

8. This case involves "reverse domain name hijacking," which occurs when an individual or an entity alleges that it is the owner of a trademark and asserts spurious claims of trademark infringement or trademark dilution against the owner of a domain name that is allegedly similar or identical to the registered trademark.

9. Pace is in the business of registering domain names and owns over 60,000 of them. He selects domain names that he believes are clever or marketable, such as the portmanteau "celluvation," which is a combination of the word "cell" or "cellular" and "innovation." Pace rarely sells these domain names and primarily offers them for lease.

10. Pace originally purchased the Domain Name at issue here, celluvation.com, at an auction on or about May 14, 2011.

COMPLAINT —2
[Case No. 2:20-CV-01455]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

11. Before purchasing the domain name in 2011, Pace conducted an internet search and found no evidence of any use or planned use for the term "celluvation."

12. At the time Pace purchased the domain name, there was no material traffic to the domain and no reason to expect a meaningful traffic flow.

13. Pace never tried to sell the domain name. He received a total of 5 notifications of offers from the Sedo marketplace. He responded to none of them.

14. On information and belief, on or about May 6, 2016, Daniel created a website at <eaccrc.com> selling a series of metal and chemical products that Daniel calls "brain crystals" and "energy crystals," as well as an "aalere bracelet" that Daniel claims "uses clarifying trans-mutational technology" to remove "toxic electrical, dirty energy" from radio frequency and "5G" broadcasts, along with a range of other trinkets and powders. Among other things, Daniel claims his jewelry and potions can reverse aging. That website currently uses the term "celluvation."

15. Daniel currently owns the word mark "celluvation" and a stylized design utilizing that word. Those trademark applications were filed with the patent and trademark office on May 18, 2018, and October 2, 2018, respectively. Both registrations are limited to cosmetic products.

16. Pace "parks" the Domain Name with an international monetizing company, Sedo.com. A parked domain name features advertisements and links based on internet searches for the domain name. Pace's parked web site at CELLUVATION.COM features links to anime and animation websites. There is no reference to cosmetics, Daniel, his trademarks, or his magical crystals and amulets.

17. On July 28, 2020, Daniel filed a complaint with the World Intellectual Property Organization (WIPO), thereby initiating an arbitration proceeding against Pace in accordance with the Uniform Domain Name Dispute Resolution Policy ("UDRP"). The UDRP establishes a process for contesting domain name registrations using a system of private arbitrators. Each domain name registrant agrees to the UDRP process when they register a domain name, and each person who files a complaint consents to the jurisdiction of the court in which the particular domain name registrar is located when the complaint is filed. The UDRP does not have an

COMPLAINT —3
[Case No. 2:20-CV-01455]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

internal appeal process, instead relying on courts to review the decisions of panelist arbitrators. Once a panelist decision is rendered, the losing party has ten days to file a declaratory judgment action or the decision is implemented, in this case meaning the domain name would be transferred to Daniel.

18. On July 30, 2020, WIPO accepted the Complaint and the registrar of the Domain Name locked the Domain Name, thereby prohibiting Pace from utilizing it.

19. On August 27, 2020, Pace filed his response to the UDRP complaint.

20. On August 28, 2020, Daniel filed an unsolicited "additional statement" with the arbitrator. Daniel provided unsupported and wrong facts in that statement, including claims that Pace knew of the prior registration—by a different entity—of a Celluvation trademark, that Pace purchased the domain name to profit from the "famous" Celluvation mark, and that Pace sought to sell the domain name.

21. Although the UDRP process does not call for an additional statement, the panelist chose to consider it but did not allow an opportunity to rebut.

22. On September 11, 2020, the panelist rendered a decision requiring the transfer of the domain name to Daniel. The decision relied heavily on the false testimony provided by Daniel in the additional statement. The reasons stated in the ruling of the arbitrator represent a significant departure from the written standards contained in the UDRP, in that Daniel did not prove that (1) Pace did not have bona fide rights in the Domain Name or in terms included in the Domain Name (for purposes of the federal trademark laws that are applicable to the proceeding), (2) Pace had no legitimate interest in the domain, or (3) that Pace had registered and/or used the Domain Name in bad faith.

23. Pace's use of the term as a domain name has not traded upon any goodwill or reputation enjoyed by Daniel as it relates to the products or services that Daniel offers, nor is there any possibility of confusion between Pace's web site and the products offered by Daniel to the general public.

24. Pace's use of CELLUVATION.COM as his chosen domain name is a fair or otherwise lawful use of the term.

COMPLAINT —4
[Case No. 2:20-CV-01455]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

25. At no time did Pace trade upon or use Daniel's trademarks for his business of monetizing domain names.

26. At no time did Pace register or use the domain name CELLUVATION.COM in bad faith as defined by 15 U.S.C. §1125.

27. Because of Daniel's actions, Pace faces losing valuable rights in the Domain Name.

28. Due to the impending transfer of the Domain Name to Daniel by the WIPO Panel, Pace is now forced to bring this action to protect his rights in his intellectual property. Pace has had to retain counsel and to incur substantial fees and costs to bring this suit.

29. Because WIPO has directed that the CELLUVATION.COM domain name be transferred to Daniel, this Court has jurisdiction under 15 U.S.C. §1114(2)(D)(v) to determine whether Pace's registration and use of CELLUVATION.COM is unlawful under the ACPA and the Lanham Act.

30. Based on the facts set forth herein, an actual controversy has arisen and now exists between Pace and Daniel regarding whether or not Pace's use of the term CELLUVATION.COM as his domain name infringes Daniel's trademarks and/or constitutes trademark dilution and/or can serve as the basis for any relief under any Federal or state law.

31. Pace has never sold, transferred, or trafficked in the Domain Name.

32. At all times, Pace utilized the Domain Name in a bona fide manner for bona fide purposes, as it has consistently been "parked" at SEDO.COM, a recognized monetizer of domain names, wherein links to various other web sites not owned by Pace can be obtained by the user who lands on CELLUVATION.COM . None of these 3rd party web sites refer to or use in any manner Daniel's trademark.

33. Pace has never had any intent to divert consumers from Daniel's online location to a site accessible under the Domain Name that could harm the goodwill represented by the mark.

34. Pace's use of the Domain Name has been lawful and has not infringed upon the mark of the Daniel. Pace did not provide material and misleading false contact information when applying for the registration of the Domain Name. Pace did not fail to maintain accurate contact information with respect to the Domain Name or with respect to any other domain name.

COMPLAINT —5
[Case No. 2:20-CV-01455]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

35. Pace's use of CELLUVATION.COM as his chosen domain name is a fair or otherwise lawful use of the term.

36. Because of Daniel's actions and his claims of trademark infringement and dilution, Pace faces losing valuable rights in the Domain Name.

## First Cause of Action
## Declaratory Relief – 28 U.S.C. § 2201
## No Violation of Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)

37. Pace re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

38. An actual controversy exists about whether Pace should be entitled to the domain name CELLUVATION.COM under the ACPA.

39. The ACPA provides a cause of action for a registrant whose domain name has been suspended, disabled, or transferred under which the registrant may sue for a declaration that the registrant is not in violation of the ACPA and for injunctive relief, including the reactivation of the domain name.

40. Under 15 U.S.C. §1114(2)(D)(v), a registrant who is threatened with the loss of his domain name under the UDRP has a cause of action to seek an injunction returning the domain name if the registrant can show that the registrant is in compliance with the ACPA.

41. Pace did not register the Domain Name with the bad-faith intent to profit from the goodwill of Daniel's trademark, as "bad faith" is defined in the ACPA.

42. Pace is entitled to have the unencumbered use of the Domain Name, to have the Domain Name reactivated, and to have all suspensions or transfers of the Domain Name terminated and prohibited.

43. Pace's good-faith purchase and use of the Domain Name was or should have been known to Daniel, yet Daniel did not take any action to acquire the Domain Name until eight years after Pace acquired it.

44. Daniel fraudulently claimed to the UDRP Panel that the disputed Domain Name was used intentionally to attract, for commercial gain, Internet users to Pace's website or other on-

COMPLAINT —6
[Case No. 2:20-CV-01455]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

line location, creating the possibility of confusion with Daniel's mark as to the source or commercial origin of those products, though knowing that there were no products or competitors promoted by Pace.

45. As a direct and proximate result of Daniel's allegations to WIPO, Pace has been and will continue to be damaged through his inability to use the Domain Name.

46. Unless this Court issues a Declaratory Judgment that Pace is entitled to maintain registration of the Domain Name, the transfer of the Domain Name to Daniel will damage Pace irreparably. Pace has no adequate remedy at law.

47. Daniel's acts make this an exceptional case under 15 U.S.C. §1117(a) and Pace is thus entitled to an award of attorney's fees and costs.

### Second Cause of Action
### Declaratory Relief – 28 U.S.C. § 2201
### No Violation of Lanham Act, 15 U.S.C. § 1114(a)

48. Pace re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

49. An actual controversy exists about whether Pace should be entitled to the domain name CELLUVATION.COM under the Lanham Act.

50. Pace's and Daniel's legal interests are adverse and create a present threat of litigation.

51. Daniel should be barred from enforcing any rights in his alleged mark under equitable principles because Daniel's unreasonable delay in enforcing his alleged rights prejudices Pace.

52. Pace's use of the Domain Name is not likely to cause confusion or mistake, or deceive as to the affiliation, connection, or association of Pace with Daniel, or as to the origin, sponsorship, or approval by Daniel.

53. Daniel's acts make this an exceptional case under 15 U.S.C. §1117(a) and Pace is thus entitled to an award of attorney's fees and costs.

COMPLAINT —7
[Case No. 2:20-CV-01455]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

### Third Cause of action
### Reverse Domain Name Hijacking, 15 U.S.C. § 1114(2)(D)(v)

54.  (1) registration of a domain name; (2) that has been "suspended, disabled, or transferred under a policy implemented by a registrar as described in 15 U.S.C. § 1114(2)(D)(ii)(II);" (3) "that the owner of the mark that prompted the domain name to be suspended, disabled, or transferred has notice of the action;" and (4) "that [the plaintiff's] registration or use of the domain name is not unlawful."

### Request for Relief

Pace respectfully requests the following relief:

1. An order directing the Registrar Epik.com to take all action necessary to enable the Domain Name; to reactivate the Domain Name; to discontinue any suspension of the Domain Name; and to refrain from transferring the Domain Name from Pace to Daniel;

2. A judgment declaring that Pace's registration, use, and possession of the Domain Name neither infringes Daniel's trademarks nor dilutes the trademarks in any manner, nor constitutes a violation of any Federal or State law;

3. A judgment declaring that Pace may continue to use and enjoy the Domain Name without interference of any type by the Daniel;

4. A judgment, order, or injunction enjoining Daniel from interfering with or challenging Pace's registration, possession, or use of the Domain Name;

5. A judicial declaration that this is an exceptional case under the Lanham Act because Daniel initiated the UDRP with the bad-faith intent to use the legal system to steal the Domain Name from Pace;

6. An award of Pace's reasonable attorney's fees and costs incurred in bringing this action; and

7. Such other, further, and different relief as the Court may deem just and proper under the circumstances.

COMPLAINT —8
[Case No. 2:20-CV-01455]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

Dated: September 30, 2020

Respectfully submitted,

**Newman Du Wors LLP**

s/ Derek A. Newman
s/ Keith Scully
Derek A. Newman, WSBA No. 26967
*dn@newmanlaw.com*
Keith Scully, WSBA No. 28677
*keith@newmanlaw.com*
2101 Fourth Avenue, Suite 1500
Seattle, WA  98121
Telephone: (206) 274-2800
Facsimile: (206) 274-2801

Attorneys for Plaintiff Stanley Pace

COMPLAINT —9
[Case No. 2:20-CV-01455]

**Newman Du Wors LLP**

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

### Demand for Jury Trial

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Pace respectfully requests a trial by jury of all issues so triable.

Dated: September 28, 2020                    Respectfully Submitted,

**Newman Du Wors LLP**

s/ Derek A. Newman
s/ Keith Scully
Derek A. Newman, WSBA No. 26967
*dn@newmanlaw.com*
Keith Scully, WSBA No. 28677
*keith@newmanlaw.com*
2101 Fourth Avenue, Suite 1500
Seattle, WA 98121
Telephone: (206) 274-2800
Facsimile: (206) 274-2801

Attorneys for Plaintiff
Stanley Pace

COMPLAINT —10
[Case No. 2:20-CV-01455]

**Newman Du Wors LLP**

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800