Honorable Tana Lin

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STANLEY PACE, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>JOS DANIEL, an individual,<br><br>    Defendant. | Case No. 2:20-cv-01455-TL<br><br>**PLAINTIFF'S TRIAL BRIEF** |

PLAINTIFF'S TRIAL BRIEF—1
[2:20-cv-01455-TL]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

# TABLE OF CONTENTS

Introduction .................................................................................................................................. 3

Factual Summary ........................................................................................................................ 3

    A.    Pace registered an internet domain name in good faith and asks the Court to declare that he is entitled to keep it. .............................................................................. 3

Elements of the Claims and Anticipated Evidence ................................................................... 4

    A.    The Court should declare that Pace did not violate the ACPA because there is no evidence Pace registered the Domain Name in bad faith. ....................................... 4

    B.    Pace's use of celluvation.com does not violate the Lanham Act. ............................... 7

    C.    Pace will prove a claim for Reverse Domain Name Hijacking. ................................. 8

    D.    This is an exceptional case and Pace is entitled to attorney's fees. ........................... 9

Conclusion ................................................................................................................................. 10

PLAINTIFF'S TRIAL BRIEF—2
[2:20-cv-01455-TL]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

## INTRODUCTION

This is an action for reverse domain name hijacking under 15 U.S.C. § 1114(2)(D)(v) and a declaratory judgment under 28 U.S.C. § 2201 that Pace's registration and use of the internet domain name celluvation.com does not violate Daniel's rights under the Anticybersquatting Consumer Protection Act (ACPA), 15 U.S.C. § 1125(d), or otherwise under the Lanham Act, 15 U.S.C. § 1051 et seq.

Pace will proceed on two claims for declaratory relief, asking the Court to declare that he did not violate either the ACPA or the Lanham Act by purchasing the domain name.

Pace will also proceed on a third claim for reverse domain name hijacking, asking the Court to find that Pace's ownership of the domain name is not unlawful and ordering the registrar to release it to Pace.

## FACTUAL SUMMARY

**A. Pace registered an internet domain name in good faith and asks the Court to declare that he is entitled to keep it.**

This case involves "reverse domain name hijacking," which occurs when a person alleges that it is the owner of a trademark and asserts spurious claims of trademark infringement against the owner of a domain name that is similar or identical to the trademark.

Plaintiff Stanley Pace is in the business of registering domain names and owns over 60,000 of them. He selects domain names that he believes are clever or marketable, such as the portmanteau "celluvation," which is a combination of the word "cell" or "cellular" and "innovation."

Daniel owns a trademark registration for cosmetic products for the word "celluvation" and a stylized design utilizing that word.

In 2011, Pace purchased the domain name celluvation.com (the "Domain Name") at a domain-name auction. Before purchasing, Pace conducted an internet search and found no evidence of any use or planned use for the term "celluvation." Pace never tried to sell the Domain Name and in fact didn't respond to five offers to purchase it. Pace "parks" the Domain Name. A parked domain name features advertisements and links based on internet searches for

PLAINTIFF'S TRIAL BRIEF—3
[2:20-cv-01455-TL]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

the domain name. Pace's parked web site features links to anime and animation websites. There is no reference to cosmetics, Daniel, or his trademarks.

Pace's use of the term "celluvation" as a domain name has not traded upon any goodwill or reputation enjoyed by Daniel as it relates to the products or services that Daniel offers, nor is there any possibility of confusion between Pace's web site and the products offered by Daniel to the general public. At no time did Pace trade upon or use Daniel's trademarks for his business of monetizing domain names. Pace has never sold, transferred, or trafficked in the Domain Name. Pace has never had any intent to divert consumers from Daniel's online location to a site accessible under the Domain Name that could harm the goodwill represented by Daniel's mark.

Pace did not provide material and misleading false contact information when applying for the registration of the Domain Name. Pace did not fail to maintain accurate contact information with respect to the Domain Name or with respect to any other domain name.

## ELEMENTS OF THE CLAIMS AND ANTICIPATED EVIDENCE

**A.  The Court should declare that Pace did not violate the ACPA because there is no evidence Pace registered the Domain Name in bad faith.**

An arbitrator has ruled that Pace must transfer the domain name to Daniel based on a finding that Pace violated the ACPA. This Court considers Pace's claim that the arbitrator was wrong de novo. *Stenzel v. Pifer*, No. C06-49Z, 2006 WL 1419016, at *5 (W.D. Wash. May 22, 2006). Pace accordingly seeks a declaratory judgment that he did not violate the ACPA and that at least one of the elements of an ACPA claim is missing. An ACPA claim requires showing: (1) a valid trademark that is entitled to protection; (2) the mark is distinctive or famous; (3) the defendant's domain name is identical or confusingly similar to, or in the case of famous marks, dilutive of, the [plaintiff's] mark; and (4) the defendant used, registered, or trafficked in the domain name (5) with a bad faith intent to profit. *Bosley Medical Institute, Inc. v. Kremer*, 403 F.3d 672, 681 (9th Cir. 2005).

Pace acknowledges that Daniel owns the word mark "celluvation" and a stylized design utilizing that word, that Daniel filed the trademark applications with the USPTO on May 18, 2018 and October 2, 2018, respectively, and that both registrations are limited to

PLAINTIFF'S TRIAL BRIEF—4
[2:20-cv-01455-TL]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

cosmetic products. Pace in the business of registering domain names and originally purchased the celluvation.com domain name on or about May 14, 2011. He "parks" the domain name with an international monetizing company. While Pace acknowledges the presence of the first, third and fourth elements of an ACPA claim there is no evidence the second and fifth have been met.

The second element requires a finding that Daniel's trademark is distinctive or famous. Generic marks, or descriptive marks without secondary meaning, are not protectable. *Zobmondo Entm't, LLC v. Falls Media, LLC*, 602 F.3d 1108, 1114 (9th Cir. 2010). A descriptive mark describes the qualities or characteristics of a good or service. *Id.* "Celluvation" is a portmanteau of "cell" and "innovation." Daniel uses the mark in connection with jewelry and potions that Daniel claims can reverse aging—an innovative way to affect cells. Thus, "celluvation" is a descriptive mark. The burden accordingly shifts to Daniel to prove secondary meaning, which requires proof that there is "a mental recognition in buyers' and potential buyers' minds that products connected with the mark are associated with the same source." *Japan Telecom, Inc. v. Japan Telecom Am. Inc.*, 287 F.3d 866, 873 (9th Cir. 2002). Daniel cannot offer any evidence of secondary meaning and thus the mark is not protectable.

The fifth element of the ACPA is whether Pace registered the Domain Name in bad faith. Bad faith is analyzed by applying a non-exclusive statutory nine factor test. *Petroliam Nasional Berhad v. GoDaddy.com, Inc.*, 737 F.3d 546, 552 (9th Cir. 2013); *Interstellar Starship Servs., Ltd. v. Epix, Inc.*, 304 F.3d 936, 946–47 (9th Cir.2002); 15 U.S.C. § 1125(d)(1)(B)(i). The nine factors are: (1) whether Pace has a trademark or other intellectual property rights in the domain name;  (2) the extent to which the domain name consists of Pace's legal name; (3) whether Pace ever used the domain name in connection with the bona fide offering of any goods or services; (4) whether Pace has a bona fide non-commercial use of the mark in a site accessible under the domain name; (5) whether Pace had an intent to divert from the mark owner's website to his own, either for commercial gain or with the intent to tarnish or disparage the mark, when that diversion could cause harm to the mark owner's goodwill; (6) whether Pace offered to transfer or sell the domain name for financial gain when he has not used or had an intent to use the domain name in connection with the bona fide offering of any goods or services; (7) whether Pace

PLAINTIFF'S TRIAL BRIEF—5
[2:20-cv-01455-TL]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

provided material and misleading false contact information when applying for the registration of the domain name, or intentionally failed to maintain accurate contact information; (8) whether Pace acquired multiple domain names that Pace knows are identical or confusingly similar to distinctive marks; and (9) whether the mark is distinctive or famous. 15 U.S.C. § 1125(d)(1)(B)(i). Applying the nine factors, the Complaint alleges sufficient facts to make it plausible that Pace did not have a bad faith intent to profit from Daniel's trademark.

Pace used the celluvation.com domain name in a bona fide manner for bona fide purposes. Parking pages, where a domain is "parked" and features links to other websites, can be a bona fide commercial use. *Dent v. Lotto Sport Italia SpA*, No. CV-17-00651-PHX-DMF, 2020 WL 1170840, at *9 (D. Ariz. Mar. 11, 2020), appeal dismissed, No. 20-15529, 2020 WL 5649372 (9th Cir. Sept. 11, 2020). At all times, Pace utilized the Domain Name in a bona fide manner for bona fide purposes, as it has consistently been "parked" at Sedo.com, a recognized monetizer of domain names, wherein links to various other web sites not owned by Pace can be obtained by the user who lands on celluvation.com. None of these third-party websites refer to or use in any manner Daniel's trademark.

Pace also never had any intent to divert consumers from Daniel's website to any other location. Pace's parked web site at celluvation.com features links to anime and animation websites. There is no reference to cosmetics, Daniel, his trademarks, or his crystals and amulets. Pace did not even know of Daniel or his purported mark's existence until the UDRP complaint was filed; before purchasing the domain name in 2011, Pace conducted an internet search and found no evidence of any use or planned use for the term "celluvation."

Pace further never sold, transferred, or trafficked in the domain name, and did not provide material and misleading false contact information when applying for the registration of the domain name. Nor did Pace fail to maintain accurate contact information with respect to any other domain name.

Finally, Pace has not acquired multiple domain names that he knows are identical or confusingly similar to distinctive marks. Specifically, Pace selects domain names that he believes are clever or marketable, such as the portmanteau "celluvation," which is a combination of the

PLAINTIFF'S TRIAL BRIEF—6
[2:20-cv-01455-TL]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

word "cell" or "cellular" and "innovation." Pace does not acquire domain names that he knows are identical or confusingly similar to distinctive marks; in this case, Pace searched for the use of the term "celluvation" and found no evidence of use before registering the domain name.

Based on the application of the nine-factor test, Pace there is no bad faith intent to profit from Daniel's trademark.

### B.  Pace's use of celluvation.com does not violate the Lanham Act.

Pace also seeks a declaration that his use of celluvation.com does not violate the Lanham Act. A Lanham Act trademark infringement claim requires proof that Daniel has a valid, protectable mark, and that Pace's use of the domain name is likely to cause consumer confusion. *OTR Wheel Eng'g, Inc. v. W. Worldwide Servs., Inc.*, 897 F.3d 1008, 1022 (9th Cir. 2018). Even if the Court finds that Daniel's mark is protectable, Pace will present facts sufficient to support his claim that there is no likelihood of consumer confusion. Likelihood of consumer confusion is weighed by using the non-exclusive factors in the *Sleekcraft* test : (1) the strength of the mark; (2) the proximity of relatedness of the goods; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) type of goods and the degree of care likely to be exercised by the purchaser; (7) the defendant's intent in selecting the mark; and (8) the likelihood of expansion of the product lines. *JL Beverage Co., LLC v. Jim Beam Brands Co.*, 828 F.3d 1098, 1106 (9th Cir. 2016).

Pace's use of the term as a domain name has not traded upon any goodwill or reputation enjoyed by Daniel as it relates to the products or services that Daniel offers, nor is there any possibility of confusion between Pace's website and the products offered by Daniel to the general public. Pace's use of the domain name is not likely to cause confusion or mistake, or deceive as to the affiliation, connection, or association of Pace with Daniel, or as to the origin, sponsorship, or approval by Daniel. While Daniel uses the mark in connection with powders and trinkets with alleged healing properties, Pace "parks" the domain name with an international monetizing company, and the domain features links to anime and animation websites. These facts demonstrate a lack of proximity or relatedness between Pace and Daniel's offerings, and that there is no likelihood of expansion into the other party's product line. And Pace did not select the

PLAINTIFF'S TRIAL BRIEF—7
[2:20-cv-01455-TL]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

mark in bad-faith. Pace purchased the domain name in 2011. He purchased it because he thought it was clever, and only after conducting an internet search to confirm the name was not already in use. Daniel's website was not created until 2016, and Pace neither knew nor could have known of its existence.

And as described above, Pace also adequately pleads that "celluvation" is a descriptive mark and is therefore "conceptually weak." A mark must be measured both in conceptual strength, which "depends largely on the obviousness of its connection to the good or service to which it refers," and commercial strength, which is based on actual marketplace recognition. *Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc.*, 618 F.3d 1025, 1032–33 (9th Cir. 2010); *Network Automation, Inc. v. Advanced Sys. Concepts, Inc.*, 638 F.3d 1137, 1149 (9th Cir. 2011). Descriptive marks, even with secondary meaning, are conceptually weak. *Id.* And even if Daniel's mark was suggestive and therefore stronger, there is no evidence that the mark is recognized in any marketplace.

**C.     Pace will prove a claim for Reverse Domain Name Hijacking.**

Pace seeks relief against Daniel for Daniel's attempt to seize the celluvation.com domain name through the UDRP process. A cause of action for reverse domain name hijacking requires the plaintiff to establish: (1) that it is a domain name registrant; (2) that the domain name has been suspended, disabled, or transferred under a policy implemented by a registrar as described in 15 U.S.C. § 1114(2)(D)(ii)(II); (3) that the owner of the mark has notice of the action by service or otherwise; and (4) that the plaintiff's registration or use of the domain name is not unlawful under the Lanham Act. *Barcelona.com, Inc. v. Excelentisimo Ayuntamiento De Barcelona*, 330 F.3d 617, 626 (4th Cir. 2003); citing 15 U.S.C. § 1114(2)(D)(v).

Each element is met. Pace is the registrant of the celluvation.com domain name and he purchased the domain name at an auction on or about May 14, 2011. The celluvation.com domain name has been suspended, disabled, or transferred under a policy implemented by a registrar. Specifically, Pace alleges that on July 30, 2020, WIPO accepted Daniel's UDRP complaint and the registrar of the celluvation.com domain name locked the domain name, thereby prohibiting Pace from utilizing it. And on September 11, 2020, the WIPO arbitrator rendered a decision

PLAINTIFF'S TRIAL BRIEF—8
[2:20-cv-01455-TL]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

requiring the transfer of the domain name to Daniel. Daniel was adequately put on notice of the action, as Daniel was served and subsequently filed a motion to dismiss the Complaint.

Finally, Pace's registration or use of the celluvation.com domain name is not unlawful under the Lanham Act. Before purchasing the domain name in 2011, he conducted an internet search and found no evidence of any use or planned use for the term "celluvation." At the time he purchased the domain name, there was no material traffic to the domain and no reason to expect a meaningful traffic flow. Pace's use of the celluvation.com domain name contains no reference to cosmetics, Daniel, his trademarks, or his magical crystals and amulets.

Pace's use of the term as a domain name has not traded upon any goodwill or reputation enjoyed by Daniel as it relates to the products or services that Daniel offers, nor is there any possibility of confusion between Pace's website and the products offered by Daniel to the general public. Pace's use of the domain name is a fair or otherwise lawful use of the term and Pace did not trade upon Daniel's trademarks for his business of monetizing domain names, and at no time did Pace register or use the domain name in bad faith.

**D.   This is an exceptional case and Pace is entitled to attorney's fees.**

The Lanham Act expressly provides for an award of attorney's fees to the prevailing party at the discretion of the court in "exceptional cases." 15 U.S.C. § 1117(a). While the term 'exceptional' is not defined in the statute, generally a trademark case is exceptional for purposes of an award of attorneys' fees when a party has taken positions that can be characterized as "malicious, fraudulent, deliberate or willful," *Gracie v. Gracie*, 217 F.3d 1060, 1071 (9th Cir. 2000), or "groundless, unreasonable, vexatious, or pursued in bad faith," *Stephen W. Boney, Inc. v. Boney Services, Inc.*, 127 F.3d 821, 827 (9th Cir. 1997).

Here, Daniel acquired a trademark for crystals he claims have healing property and seeks to seize a domain name despite any evidence that Pace acquired it in bad faith. Daniel's positions are unreasonable and the Court should award fees to Pace in an amount to be established by affidavit after trial.

PLAINTIFF'S TRIAL BRIEF—9
[2:20-cv-01455-TL]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

## CONCLUSION

Pace's use of the domain name is lawful and the Court should so find and order that the domain name registrar lift the hold.

Dated: June 17, 2022

Respectfully submitted,

Newman Du Wors LLP

s/ Keith Scully
Derek A. Newman, WSBA No. 26967
*dn@newmanlaw.com*
Keith Scully, WSBA No. 28677
*keith@newmanlaw.com*
2101 Fourth Avenue, Suite 1500
Seattle, WA 98121
Telephone: (206) 274-2800
Facsimile: (206) 274-2801

Attorneys for Plaintiff
Stanley Pace

PLAINTIFF'S TRIAL BRIEF—10
[2:20-cv-01455-TL]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800