Honorable Tana Lin

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STANLEY PACE, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>JOS DANIEL, an individual,<br><br>    Defendant. | Case No. 2:20-cv-01455-TL<br><br>**PRETRIAL ORDER** |

PRETRIAL ORDER—1
[2:20-cv-01455-TL]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

## JURISDICTION

This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because the causes of action arise under federal law, specifically reverse domain-name hijacking under 15 U.S.C. § 1114(2)(D)(v) and a declaratory judgment under 28 U.S.C. § 2201.

This Court has personal jurisdiction over Daniel because he consented to jurisdiction in this court by filing a complaint with the World Intellectual Property Organization (WIPO), which contains consent to jurisdiction of the district in which the domain name registrar's primary offices are located. The domain name registrar for the Domain Name is Epik. And Epik.com's headquarters are located in Sammamish, Washington.

## CLAIMS AND DEFENSES

This is an action for reverse domain name hijacking under 15 U.S.C. § 1114(2)(D)(v) and a declaratory judgment under 28 U.S.C. § 2201 that Pace's registration and use of the internet domain name celluvation.com does not violate Daniel's rights under the Anticybersquatting Consumer Protection Act (ACPA), 15 U.S.C. § 1125(d), or otherwise under the Lanham Act, 15 U.S.C. § 1051 et seq.

Pace will proceed on two claims for declaratory relief, asking the Court to declare that he did not violate either the ACPA or the Lanham Act by purchasing the domain name.

Pace will also proceed on a third claim for reverse domain name hijacking, asking the Court to find that Pace's ownership of the domain name is not unlawful and ordering the registrar to release it to Pace.

Daniel filed counterclaims. Daniel did not respond to Pace's pretrial statement and Pace does not know if Daniel is proceeding on any counterclaims.

## ADMITTED FACTS

Daniel has not responded to Pace's pretrial statement and there are accordingly no admitted facts.

## ISSUES OF LAW

The following are the issues of law to be determined by the court:

1. The ACPA requires Daniel to prove that Pace registered or used the domain name

PRETRIAL ORDER—2
[2:20-cv-01455-TL]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

with the bad faith intent to profit from the goodwill of Daniel's trademark. Pace did not know Daniel's trademark existed at the time Pace registered the domain name, is using the domain name for an entirely different purpose than selling magic crystals, does not want to be associated with Daniel's products, and has no intent to profit from Daniel's trademark. Should the Court find that Daniel has not met his burden of proving bad faith intent to profit?

2. The Lanham Act prevents use of a trademarked word only when it is likely to cause confusion or mistake, or deceive as to the affiliation, connection, or association of Pace with Daniel, or as to the origin, sponsorship, or approval by Daniel. Pace parks the domain name and derives passive revenue from it through consumers clicking on links to products unrelated to Daniel's. Should the Court declare that Pace's use of the domain name does not violate the Lanham Act?

3. The Lanham Act allows for the award of fees in exceptional cases. Daniel demands that Pace turn over a domain name because Daniel has trademarked the word "celluvation" for one specific type of goods. Daniel has no evidence of a likelihood of consumer confusion. Should the Court award fees to Pace?

4. Reverse domain name hijacking requires proof that (1) Pace is a domain name registrant; (2) Pace's domain name was "suspended, disabled, or transferred under a policy implemented by a registrar as described in 15 U.S.C. § 1114(2)(D)(ii)(II); (3) Daniel has notice of the action; and (4) Pace's use or registration of the domain name is not unlawful. All of these elements are met and the Court should order injunctive relief.

**EXPERT WITNESSES**

There are no expert witnesses.

**OTHER WITNESSES**

The names and addresses of witnesses, other than experts, to be used by each party at the time of trial and the general nature of the testimony of each are:

(a) On behalf of plaintiff:

    a. Stanley Pace. Pace will testify to all facts in the case, including his business, investigation before he purchased the domain name and purchase of the domain

PRETRIAL ORDER—3
[2:20-cv-01455-TL]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

name, intent in doing so, use of the domain name, Daniel's website, his review of the trademark registration status, trademark records, the arbitration proceeding, and any other facts.

    b. Jos Daniel. Daniel may testify to his business, the date of trademark registration of the domain name and the trademark registration history, the development of his website and the date it was released to the public.

(b) On behalf of defendant:

**EXHIBITS**

Plaintiff proposes the following exhibits for use at trial.

| Plaintiff's Exhibits | | | | | |
|---|---|---|---|---|---|
| Ex. # | Description | Authenticity | Admissibility | Objection | Admitted |
| 1. | Annex 3 - Screenshots from eaccrc.com | | | | |
| 2. | Annex 4 – Trademark history | | | | |
| 3. | Annex 6 – Screenshots from celluvation.com | | | | |
| 4. | Annex 7 – Trademark certificate | | | | |
| 5. | Annex 8 – Trademark history | | | | |
| 6. | Response exhibit B – Screenshots from eaccrc.com | | | | |

| Defendant's Exhibits | | | | | |
|---|---|---|---|---|---|
| Ex. # | Description | Authenticity | Admissibility | Objection | Admitted |
| | | | | | |

The parties' Objection Code:

| E | Exhibit is objectionable because it constitutes attempted expert testimony from a person who was not designated as an expert (Fed. R. Civ. P. 26) |
|---|---|
| F | Lack of foundation |
| MIL | Subject of Motion in Limine |

PRETRIAL ORDER—4
[2:20-cv-01455-TL]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

**ACTION BY THE COURT**

(a) Per the Court's Order on February 18, 2022, this case is scheduled for a one-day bench trial on July 5, 2022, at 9:00 a.m. The parties' motions in limine were due May 31, proposed pretrial orders were due June 14, trial briefs, proposed findings of fact and conclusions of law were due by June 21, and a pretrial conference was set for June 28 at 9:30 a.m.

(b) No motions in limine were filed by either party. Plaintiff filed a proposed pretrial order on June 14, and a trial brief, proposed findings, and exhibit list on June 17, 2022. Defendant did not file any pretrial pleadings.

(c) Plaintiff appeared, through counsel, at the June 28 pretrial conference. Defendant failed to appear at the pretrial conference.

(d) The bench trial shall proceed as scheduled on July 5, 2022, at 9:00 a.m., via Zoom. Judge Lin's Courtroom Deputy will provide the parties with the information needed to access the virtual trial.

This order shall control the subsequent course of the action unless modified by a subsequent order. This order shall not be amended except by order of the court pursuant to agreement of the parties or to prevent manifest injustice.

Dated this <u>28th</u> day of June 2022.

Tana Lin
United States District Judge

FORM APPROVED AS SIGNED

s/ Keith Scully
Keith Scully
Attorney for Plaintiff

Jos Daniel
Defendant

PRETRIAL ORDER—5
[2:20-cv-01455-TL]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800